United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID SHARPE MARSHALL,

   Plaintiff,

  v.

WILLIAM KUBITZ and ANTHONY RIVAS,

   Defendants.
_____/

No. C 06-0754 PJH (PR)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

  This is a case filed pro se by a federal prisoner pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The events giving rise to the case occurred at the Federal Detention Center in Dublin, California, but plaintiff subsequently was transferred to the federal facility in Stafford, Arizona, where he attempted to exhaust his claim, and now is housed at the Terminal Island facility in Washington.

  Defendants have filed a motion to dismiss. Plaintiff has filed several oppositions to the motion and a number of other motions. The motions are ready for decision.

## DISCUSSION

### I.  Plaintiff's Motions

  Plaintiff has filed a motion for leave to amend. He acknowledges that he does not need leave, but asks to be allowed to amend the complaint without reproducing the allegations of the original complaint. That is, it is not really a motion for leave to amend but rather is a motion to be allowed to amend without including all claims in an amended complaint. The general rule is that an amended complaint completely replaces the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). As a result, all

claims and defendants must be included in an amended complaint or they are deemed to have been abandoned. *See id.* (defendants not named in an amended complaint are no longer defendants); *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."). Plaintiff wishes to add two defendants, but because the allegations about them contained in the motion are not sufficient to state a claim against them, allowing the amendment in this unorthodox way would be futile. The motion will be denied.

Plaintiff also moves for leave to ask more interrogatories of defendant Kubitz than are permitted by Rule 33(a) of the Federal Rules of Civil Procedure. As plaintiff has not made a sufficient showing of the need for the additional interrogatories, the motion will be denied.

Plaintiff's motions for leave to file two affidavits (which have been provided) and to correct dates of events will be granted. His motions for extensions of time to file his several oppositions to the motion to dismiss and many documents in support of the oppositions will be granted and the filings deemed timely.

**II.     Defendants' Motion to Dismiss**

Defendants' motion to dismiss is grounded in part on plaintiff's alleged failure to exhaust his administrative remedies.

**A.     Legal Standard**

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 122 S. Ct. 983, 988 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted).

2

Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v Churner*, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 122 S. Ct. at 992.

A federal prisoner must exhaust his administrative remedies with the BOP before filing a *Bivens* claim in federal court. 42 U.S.C. § 1997e(a); *Lunsford v. Jumao-As*, 155 F.3d 1178, 1179 (9th Cir. 1998), *overruled on other grounds by Booth v. Churner*, 532 U.S. 731 (2001). A federal prisoner may seek formal review of an issue that relates to any aspect of his imprisonment under 28 C.F.R. § 542.10. The procedure requires that the prisoner first address his complaint to the institution staff. 28 C.F.R. § 542.14(c)(4) (1997), Form BP-9. If dissatisfied with the response at that level, the inmate may appeal his complaint to the regional Director of the Bureau of Prisons ("BOP"). *Id.* § 542.15(a), Form BP-10. Finally, the prisoner may appeal his case to the General Counsel in the Central Office of the BOP, which is the "final administrative appeal." *Id.*, Form BP-11.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted, the proper remedy is dismissal without prejudice. *Id.* at 1120.

**B.  Analysis**

There is a record of only one grievance going to the issue in this case. It was filed after plaintiff had been transferred to a federal institution in Stafford, Arizona, and he filed it at the wrong (regional) level, rather than first filing at the institution level, and did not pursue it to the final level, the General Counsel's Office. *See* Decl. Burks at ¶ ¶ 6-8. It thus was not sufficient to exhaust because it did not comply with the Bureau of Prisons rule that such

3

appeals must be started at the local level. S*ee* 28 C.F.R. § 542.14(c)(4) (1997), Form BP-9 (complaint must first be addressed to institution staff); *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006) (the PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."); *Bailey-El v. Federal Bureau of Prisons*, 2007 WL 2461764, *2 (3rd Cir. Aug. 29, 2007) (quoting 28 C.F.R. § 542.15(b)(2), which governs appeals of grievances; "[a]n inmate may not raise in an Appeal issues not raised in the lower level filings."). Furthermore, it was insufficient to exhaust because it did not comply with the Bureau of Prisons rule that requires appeals to be exhausted through the final, general counsel, level. *See* 28 C.F.R. § 542.15(a), Form BP-11 (appeal to General Counsel in the Central Office of the BOP is the "final administrative appeal."); *Mullins v. United* States, 2007 WL 2471117, *12 (N.D. W.Va. Aug. 30, 2007) ("An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels.").

Plaintiff contends that his failure to pursue an administrative appeal through the final level should not matter because (1) his grievances were not processed by the institution; and (2) he exhausted by way of his multitudinous complaints and letters to various authorities.

With regard to the latter, plaintiff's contention that he exhausted by "alternative means" carries no weight when he failed to exhaust using the normal means – as long as that route for exhaustion remains unused, there are "administrative remedies [that] are available" which have not been exhausted.

Plaintiff's other contention is that officials blocked his attempt to use the normal official route to exhaust. He contends this is proved by the copies of several first-level grievances he has provided. *See* Pl.'s Exh. (doc 33) F1 - F4 & G1-G4. These grievances carry initials and dates at the top of each, which plaintiff contends prove that he turned them in to defendant Rivas at the first level. *Id.* Defendant Rivas says in a Second Declaration that the initials are indeed his, but that he initials and dates each blank grievance form he gives to inmates who ask for one after having attempted informal

4

resolution, to allow assessment of the timeliness of the grievance and to show that he has completed the informal exhaustion part of the process within the three days which are allowed. Decl. Rivas 2d at 1-2. He says that is why the forms provided by plaintiff have the initials and dates on them. *Id.* at 1-2. That is, according to defendants the initials and dates do not prove the grievances were actually turned in at the first level.

There thus is a factual dispute as to whether the authorities prevented plaintiff from filing his grievances at the first level. Although the court has the power in ruling on an unenumerated 12(b) motion such as this to resolve factual issues, that need not be done here for two reasons. First, plaintiff does not dispute the factual allegation by Rivas that he could have filed his grievances by giving them to any employee to forward to the warden's secretary, who is the Administrative Remedy Clerk, or could have mailed them to the warden's secretary, thereby by-passing Rivas, and did not do so. *See id.* at 2-3. That is, the factual dispute need not be resolved because plaintiff had the option of filing his grievances in another manner and chose not to take it. Second, even assuming the truth of plaintiff's allegation, that he was prevented from pursuing a first-level appeal, that would only serve to excuse his filing a first-level appeal; it would not excuse his filing the other two appeals required by the BOP rules. Indeed, he did file a second-level appeal, at a different institution, and he provides no reason for not filing a third-level appeal at that institution.

The court finds that plaintiff was not prevented from exhausting and concludes that he did not exhaust all his administrative remedies. The motion to dismiss will be granted.

## CONCLUSION

Plaintiff's motion to file affidavits (document number 21) and his motion for corrections (document 23) are **GRANTED**. His motion to amend (document 7), treated as a motion to amend without reproducing all claims, and his motion for leave to file additional interrogatories (document 9) are **DENIED**. His motions for extensions of time (documents 31 and 34), to the extent they refer to documents which have now been filed, are **GRANTED** and the filings are deemed timely.

Plaintiff's motion to dismiss (document number 11) is **GRANTED**. The case is

**DISMISSED** without prejudice.  This order terminates all pending motions.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  September 17, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.06\MARSHALL754.DSM-EXH.wpd